United States District Court
Southern District of Texas
**ENTERED**
August 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL ESCOBEDO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-3390 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE

Texas death-row inmate Joel Escobedo filed a federal petition for a writ of habeas corpus arguing that he is intellectually disabled, and thus ineligible for execution, under *Atkins v. Virginia*, 536 U.S. 304 (2002). The state courts denied Escobedo's *Atkins* claim under the standards established in *Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004). The United States Supreme Court has recently rejected Texas' use of the *Briseño* standards in *Moore v. Texas*, 137 S. Ct. 1039, 1048 (2017). The Court of Criminal Appeals has reevaluated its *Atkins* jurisprudence after *Moore*. *See Ex parte Moore*, 2018 WL 2714680, at *15 (Tex. Crim. App. 2018). The Texas Court of Criminal Appeals has recently authorized successive habeas proceedings to review *Atkins* claims under *Moore*, even though the claims had already been denied under the *Briseño* standard. *See Ex Parte Lizcano*, 2018 WL 2717035, at *2 (Tex. Crim. App. 2018); *Ex Parte Guevara*, 2018 WL 2717041, at *1 (Tex. Crim. App. 2018); *Ex Parte Williams*, 2018 WL 2717039, at *1 (Tex. Crim. App. 2018); *Ex parte Davis*, 2017 WL 6031852, at *2 (Tex. Crim. App. 2017). The Court ordered the parties to brief whether Texas would provide a forum to reconsider Escobedo's *Atkins* claim in light of *Moore*. (Docket Entry No. 46).

1 / 4

Respondent Lorie Davis "takes no position on whether a stay is appropriate," but concedes that, "[g]iven the [Court of Criminal Appeals'] willingness to allow subsequent applications in this context, it appears that [it] will permit a forum for resolving *Moore*'s applicability in Escobedo's case." (Docket Entry No. 47 at 2). Escobedo, on the other hand, opposes any stay. Even if a forum for consideration of his *Atkins* claim exists, Escobedo fears that he would not receive a full and fair hearing in state court. Escobedo worries that the state courts will not appoint counsel to prepare a successive habeas application, authorize funds to investigate his *Atkins* claim, apply the *Moore* decision in a fair manner, or impartially consider his evidence. (Docket Entry No. 48 at 3-9).

Any state *Atkins* proceeding that fails to afford Escobedo all due process rights may disentitle resulting decisions to deference under the Anti-Terrorism and Effective Death Penalty Act. *See Blue v. Thaler*, 665 F.3d 647, 657 (5th Cir. 2011). Escobedo, however, does not identify any law that would authorize forgoing an available state remedy because of the manner in which Texas adjudicates *Atkins* claims. Given the Court of Criminal Appeals' willingness to allow successive actions to proceed based on *Moore*, the Court finds the state courts should have the first opportunity to resolve Escobedo's *Atkins* claim. Accordingly, this case is **STAYED** and **ADMINISTRATIVELY CLOSED**.

The Court **DENIES** all pending motions **WITHOUT PREJUDICE**.

A stay of federal proceedings should not be indefinite. *See Ryan v. Gonzales*, ___ U.S. ___, 133 S. Ct. 696, 709 (2013). The Court **ORDERS** Escobedo to file a state habeas application within **sixty days** from the entry of this Order. Under Tex. Code Crim. Pro. art. 11.071 § 5, the Texas Court of Criminal Appeals must then decide whether Escobedo's

subsequent state habeas application should proceed before the convicting court.  Escobedo will make all reasonable efforts to resolve his state habeas proceedings expeditiously.

Escobedo's return to state court raises questions about the scope of his federally appointed attorneys' representation.  In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court interpreted section 3599(e) to authorize federally appointed counsel to represent a petitioner in all proceedings that transpire "subsequent" to counsel's appointment, including a state clemency proceeding, and to be compensated by the federal courts for that representation. The Supreme Court also addressed whether such authorization would apply to any later state habeas corpus proceedings.  *Id*. at 190.  The Supreme Court held that "[s]tate habeas is not a stage 'subsequent' to federal habeas."  *Id*. at 189.  As a result, federally appointed counsel are not guaranteed compensation for services related to state habeas proceedings.  *Harbison*, however, allows a district court to "determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation."  *Id*. at 190 n.7.  The Court finds that it is appropriate for Escobedo to present his *Atkins* claim again in state court.

The Court's authority to compensate Escobedo's federally appointed counsel for work done in state court is contingent on there being an absence of state compensation for their efforts. *See Harbison* 556 U.S. at 189 ("[S]tate-furnished representation renders [an inmate] ineligible for § 3599 counsel.").  Texas law apparently does not provide any mandatory mechanism to compensate counsel for work performed in drafting and filing a successive state habeas application.  *See Ex Parte Gallo*, 448 S.W.3d 1, 5-6 (Tex. Crim. App. 2014).  Federal counsel for Escobedo may submit vouchers seeking compensation for the preparation and filing of his successive state habeas application.

However, Texas law mandates that the convicting court "*shall* appoint" counsel if the Court of Criminal Appeals authorizes successive state review.  Tex. Code Crim. Pro. art. 11.071 § 6 (emphasis added).  Under state law, the convicting court will then appoint "the attorney who represented the applicant in the [original habeas proceedings]," "the office of capital and forensic writs," or "counsel from a list of competent counsel maintained by the presiding judges of the administrative judicial regions."  *Id*.  Should the Court of Criminal Appeals authorize successive state proceedings in the convicting court, federal counsel in this case will file a motion for state-funded counsel and otherwise make every reasonable effort to secure the appointment of an attorney.  Whether the state courts ultimately appoint Escobedo's federal attorneys or other attorneys to represent him in any successive state habeas proceedings, federally appointed counsel must file an advisory with this Court describing the efforts made to secure state-funded representation.  Federal counsel's advisory will include copies of: (1) Escobedo's successive state habeas application and (2) any and all motions seeking state representation.

Escobedo will move to reopen this case within **thirty days** of the conclusion of state habeas review.  The Court will enter a new scheduling order when the parties return to federal court.

It is so ORDERED.

SIGNED on this 10th day of August, 2018.

Kenneth M. Hoyt
United States District Judge